United States District Court
For the
District of Massachusetts

FILED
CLERK'S OFFICE
2004 OCT 20  A 11: 56
U.S. DISTRICT COURT
DISTRICT OF MASS

MARK GENOVEZOS, ET. AL;
    Plaintiff's

vs.                                                             Civil Action
                                                                NO:

Thomas M. Hodgson, Sheriff; ET. AL
    Respondents,                                                Complaint

      This is a class-action brought by various inmates confined at the Bristol County House of Correction against various prison officials, pursuant to 42 U.S.C. § 1983 which are all being sued in their individual and official capacity under the color of law state and Federal laws, under the United States Constitution; when they choose to impede on the prisoners secured rights pursuant to M.G. L.C. 125 14 § VI.

## Parties

1) The Plaintiff Mark Genovezos is a prose in this class action suit presently confined here at the Bristol County House of Correction, at 400 Faunce Corner Rd North Dartmouth Massachusetts 02747

2) Thomas Hodgson, is the defendant, is the Sheriff for the Bristol County House of Correction, 400 Faunce Corner Rd, North Dartmouth, Massachusetts, 02747

3) James P. Kelly, is the defendant working under the control of the Sheriff at the Bristol County House of Correction 400 Faunce Corner Rd. North Dartmouth Massachusetts 02747

4) John Pope, is the defendant working under the control of the Sheriff at the Bristol County House of Correction 400 Faunce Corner Rd. North Dartmouth Massachusetts, 02747

5) Peter Berthiaume, is the defendant working under the control of the Sheriff at the Bristol County House of Correction 400 Faunce Corner Rd, North Dartmouth Massachusetts 02747

## action

6) All of the defendants are being sued in there individual and official capacity, when they failed to adequately provide proper medical treatment to all the inmates, and when they failed to provide an adequate law library to all said inmates confined within the A.A. Station, segregation and population units here at the Bristol County House of Correction located here at 400 Faunce Rd. North Dartmouth, Massachusetts 02747

7) The plaintiff was not examined on occasion for medical treatment upon his arrival at this institution Bristol County House of Correction.

8) Plaintiff arrived here on Sept 15, 2004, with injuries he received 4 days before his incarceration. When the plaintiff was struck by a car while riding his 10 speed bike.

9) Plaintiff requested further medical treatment as to his right and left leg, which sustained severe bruises, and scrapes from such accident.

10) Plaintiff filed numerous medical slips complaining of such injuries and explain that the plaintiff suffered back injuries and in fact the plaintiff received an operation a year ago which required surgery to his right hip socket by placing a rod within his upper hip.

11) Sence the plaintiff confinement he has observed several inmates with serious medical problems that have been denied medical treatment. See exhibits

12) Plaintiff incorporates paragraph 11 and 12 into paragraph 13 of this claim.

13) Plaintiff's are all detainees confined here at Bristol County House of Correction and are being denied access to the main central law library, denied the right to have legal mail forward to the court, and photo copying of law materials.

14) The defendants have created a system to prevent all prisoners who are presently doing time for their sentence of said crime, and prisoner who are detainees that have a greater protection that is afforded by the Constitution.

15) This institution is designed to prevent all inmates access to the central law library which has invoked this litigation.

16) There are several Housing Units that at least 64 prisoners to every up to at least 100 prisoners are only allowed to use (1) one computer library for every two Units. Stemming from 64 x 2 Units = 128 prisoners and 100 x 2 Units = 200 prisoners that are allowed every other day access to one (1) Computer when prisoners are allowed recreation for 1 hour 30 minutes for the use of such Computer.

17) Plaintiff claims that its unconstitutional the way the Sheriff has created a system where 64 to 200 inmates are allowed access to this (1) particular computer law and that it means that every prisoner is allowed **5** minutes to use such law computer.

18) The Defendant has forced all prisoners to pay 20¢ per-page for any legal materials that need to be copied by filling out (Photocopy Request Form = See EXHIBIT    ); Even if the prisoners are indigent, when they receive funds from family, or friends, There accounts are deducted for whatever the cost may be for photocopying.

19) The Defendants have criticized the plaintiff towards all legal activities, may it be attorney, Mass. Corr. Legal Service and the court, which have hampered all the prisoner's their constitutional rights, secured by the state and Federal Constitution.

20) Further Defendants have denied all prisoners the right to receive legal materials, legal postage pre-paid by the Sheriff, and photocopying of legal materials.

21) Defendants have impede against Jail-House Lawyers for assisting other prisoners with their legal remedy, which the prisoners are all detainees who are not convict of such crimes which is a greater protection that can't be over looked.

22) All Prisoners who are confined within A.A. awaiting action status or segregation units are denied the right to utilize the law library or allowed assistance from Jail-House Lawyers who are willing to aid all prisoners with their legal remedy.

23) The plaintiff incorporates paragraph 22 of that claim and incorporates it herein paragraph 24 of the that claim stated therein

Prayers for Relief:

24) The plaintiff request a trial by jury.

Wherefore, the plaintiff demands judgment against the defendants for damages, and for such other relief as this Court deems just.

a) Plaintiff request a trial by jury;

b) Order that the defendants provide proper medical treatment as mandated under the 8th; 14 amendment to due process

c) Order that the defendants re-opened the main law library to all A.A., Segregation and population units. See Bounds vs Smith 43 U.S. 817, 822, 97 S.Ct 1491, 1495. 52 L.Ed. 2d 72 (1977)

d) Order the defendants to provide further legal assistance to all inmates confined within the Bristol County House of Correction. See Johns vs Avery 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed. 2d 718 (1969):

e) Order the defendants to provide free legal postage to all indigent inmates.

f) Defendants be held accountable for the following damages;
monetary damages in the amount of $250,000 Dollars
punitive damages in the amount of $200,000 Dollars
declaratory damages in the amount of $200,000 Dollars

g) What Ever this Court deems fit.

Respectfully Submitted

_____
MARK GENOVEZOS, Pro Se
FB-M4  ID 112562
BRISTOL COUNTY SHERIFF'S OFFICE
400 Faunce Corner Rd
North Dartmouth, Mass.
02747

United States
For the
District of Massachusetts

Mark Genovezos, et al
           Plaintiffs

           vs.

Thomas M. Hodgson, Sheriff
James P. Kelly, Deputy Sup't
John Pope, law librarian staff
Peter Barthiuume, Medical staff

                    Defendants

Civil Complaint

FILED
2004 OCT 20 AM 11:26
U.S. DISTRICT COURT
DISTRICT OF MASS

All being sued in there individual and
official capacity under the state and federal
Constitution of the United States.

           Affidavits of all parties et al

1.) Scott E. Walls Sr. 120459    9. Bruce Delgado 105173
2. Mark Brun 103170              10 Kevin Bates 100039
3. Billy Lyrie 105826             11 Jacob Downe 131701
4. ___ 132396                     12 Jason Cruz
5. Jay Pratt 100230               13 Dan Ferreira
6. J. ___ 128112                  14 Levar Foster 132643
7. ___ 119285                     15 BENJAMIN BOTELHO 128107
8. Mike Oliveira 102015           16 Hassan McFarle

United States District Court
For The
District of Massachusetts

Gonzalez ET AL
    Plaintiff
vs
Hodgson, Sheriff ET AL
    Defendant

FILED
IN CLERKS OFFICE
2004 OCT 20 A 11: 32
U.S. DISTRICT COURT
DISTRICT OF MASS.

Class Action
Civil Complaint

| # | NAME | ID | # | NAME | ID |
|---|------|----|----|------|----|
| 27 | Christopher Monte | 101009 | 39 | Luis Alguin | 118184 |
| 28 | Brandon Murphy | 129170 | 40 | Jose Ortiz | 101687 |
| 29 | John Burgos | 123491 | 41 | Steven Cosselman | 123970 |
| 30 | Albon Wilson | 116757 | 42 | | |
| 31 | Anthony Williams | 129158 | 43 | | |
| 32 | Ken Traphagen | 132744 | 44 | | |
| 33 | Oscar Medina | 113358 | 45 | | |
| 34 | Jesus Ramos Jr. | 118059 | 46 | | |
| 35 | Adam Vaughn | 129001 | 47 | | |
| 36 | Peter Vieira | 100283 | 48 | | |
| 37 | Harry Martin | | 49 | | |
| 38 | Brad A. Santos | 100204 | 50 | | |
| 39 | Thomas Gally | 118999 | 51 | | |
| 40 | William Wrightington | 130082 | 52 | | |
| 41 | (signature) | 131068 | 53 | | |
| 42 | (signature) | 113358 | 54 | | |
| 43 | Lance Gomes | 122250 | 55 | | |
| 44 | Andrij McClendon | 122600 | 56 | | |
| 45 | Jose Rodriguez | 132838 | 57 | | |
| 46 | Donald Woodlief | 102218 | 58 | | |
| 47 | Dennis P. Morgan | 104654 | 59 | | |
| 48 | W. Perry | 104843 | 60 | | |
| | | | 61 | | |
| | | | 62 | | |
| | | | 63 | | |