UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK A. GENOVEZOS,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   C.A. No. 04-12242-NMG<br>) |
| SHERIFF HODGSON, ET AL.,<br>    Defendants. | )<br>) |

## MEMORANDUM AND ORDER

For the reasons stated below, (1) plaintiff's Motion to Proceed *in forma pauperis* is denied without prejudice; (2) plaintiff's motion to amend complaint at a later time is denied without prejudice; 3) plaintiff's motion for appointment of counsel to litigate class action complaint is denied without prejudice; (4) if plaintiff files a completed Application to Proceed *in forma pauperis*, accompanied with his certified prison balance statement, he is directed to also demonstrate good cause why this action should not be dismissed for the reasons stated below; and (5) plaintiff Genovezos is deemed to be the only plaintiff in this action. Should any inmate wish to join as a co-plaintiff in this action, a Motion to Join shall be filed, accompanied by a completed Application to Proceed *in forma pauperis* and a prison account balance statement, and the filing fee shall be assessed proportionately, as discussed in the Memorandum and Order.

## BACKGROUND

On October 20, 2004, plaintiff Mark A. Genovezos, a prisoner at Bristol County House of Correction, in North Dartmouth, Massachusetts, filed his self prepared Class Action complaint on

behalf of himself and forty-one (41) other prisoners[1], against various prison officials, including the Sheriff and three subordinates, pursuant to 42 U.S.C. §1983. Additionally, Genovezos filed a motion to amend the complaint at a later point, and a motion for appointed counsel, along with an Affidavit of indigency with respect to all purported class members, but no other financial information was provided.

In his complaint, Genovezos claims 1) he and other prisoners with serious medical problems were denied medical treatment (Compl. ¶¶4-11); and 2) that he and other prisoners are denied access to a law library and to the courts. More specifically, he claims that the Sheriff closed down the law library by removing the law books and installing a computer to every unit that houses from 64 to 124 prisoners. (Motion to Amend Complaint, ¶3). As a result, at least 64-200 prisoners are only allowed to use one computerized law library, so that every prisoner is allowed only five (5) minutes to use the computer. He also claims that all prisoners are required to pay $.20 per page for legal materials that need to be copied, and that prisoners must fill out a form requesting copies. (Compl. ¶18). He claims that such practice serves to screen prisoner legal activities, including those that may be directed to counsel, and those to the courts. (Compl. ¶19). Genovezos further asserts that all prisoners have been denied legal materials, as well as pre-paid postage by the Sheriff, and pre-paid photocopying costs (Compl. ¶19). He further complains that certain prisoners (awaiting action status or in segregation) are denied the right to use the law library and are denied the right to assistance from jailhouse lawyers.

---

[1]The 41 inmates are not listed in the body of the Complaint, but have merely signed an Affidavit to the Complaint. Many of the names of each inmate are not legible, though the prisoner ID number is included.

Plaintiff seeks an order directing the defendants to provide proper medical treatment, and an order directing defendants to re-open the main law library and to provide further legal assistance to all inmates, wherever housed. Plaintiff further seeks an order directing the defendants to provide free legal postage to all indigent inmates. He seeks monetary damages in the amount of $200,000, punitive damages in the amount of $200,000 and declaratory damages in the amount of $200,000.

## DISCUSSION

### I. Class Action Status

Genovezos brings this action as a class action and has filed signatures of forty-one (41) inmates who seek to be class members. However, his complaint makes allegations with respect to "all" inmates at Bristol County House of Correction. Although no formal motion for class certification has been filed by Genovezos, this Court has an independent obligation to determine whether this action may be maintained as a class action "as soon as practicable." See. Fed. R. Civ. P. 23(c)(1); Caputo v. Fauver, 800 F. Supp. 168, 169 (D. N.J. 1992); accord, Shaffery v. Winters, 72 F.R.D. 191, 193 n.1 (S.D.N.Y. 1976).

A basic requirement for all class actions is that the named plaintiff can fairly and adequately represent the class. Fed. R. Civ. P. 23(a)(4). Courts have generally recognized that non-attorney, pro se prisoner litigants cannot "fairly and adequately" represent the interests of fellow inmates in a class action, Caputo, 800 F. Supp. At 170 (citations omitted), and Genovezos appears to acknowledge this consideration (See Motion for Appointment of Counsel, ¶2). Because the complaint has not yet been served on defendants, it is not practicable at this time to determine whether this action should, or can be, maintained as a class action. This Court will not treat this action as a class action at this time.

Therefore, should any purported class action prisoner plaintiff wish to join in this action as a co-plaintiff, he may do so only upon the filing of a separate Motion to Join this action, accompanied by a completed Application to Proceed *in forma pauperis*, along with his prison account statement, as discussed below, and the filing fee shall be apportioned amongst those co-plaintiffs who have complied with this Order. Genovezos shall also file a completed Application to Proceed *in forma pauperis*, along with his prison account statement as discussed below.

      II.      Plaintiff Must Either Pay the Filing
              Fee or Submit a Certified Prison Account Statement

A prisoner filing a civil action in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914 ($150.00 filing fee); § 1915 (proceedings in forma pauperis).

Genovezos filed an Affidavit of indigency on behalf of all the putative class action plaintiffs but it did not contain the requisite financial information as that set forth in the standard "Application to Proceed Without Prepayment of Fees" form. Additionally, neither Genovezos nor any other purported plaintiff filed a certified prison account statement for the 6-month period immediately preceding the complaint as required by Section 1915. See 28 U.S.C. § 1915(a)(1).

Although prisoner litigants may file applications for fee waiver, under §1915, they are only excused from having to pay the entire filing fee up-front and the Court must assess an initial partial filing fee. Id. §1915(b)(1).[2] The Court cannot assess an initial partial filing fee without plaintiff's certified

---

[2]After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the account exceeds $10

prison account statement. Thus, Genovezos's Affidavit of indigency is deficient, as is each of the forty-one putative class action plaintiffs', and this Court is unable to assess the appropriate filing fee as to each. Genovezos shall, however, be permitted to file a completed Application to Proceed Without Prepayment of Fees, accompanied by his certified prison account statement. The clerk shall provide a blank Application form to plaintiff, along with this Order.

If Genovezos submits the filing fee in its entirety, or files a new, completed Application to proceed *in forma pauperis*, accompanied by a certified prison account statement, he is also directed to demonstrate good cause, within forty-two (42) days, why this action should not be dismissed. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice. Although the Court currently deems Genovezos to be the sole plaintiff in this action at this time, this Order shall be applicable to all other purported class action plaintiffs who wish to proceed as co-plaintiffs.

III. Plaintiff's Complaint is Subject to Screening

Because Genovezos is a prisoner, he also is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings in forma pauperis); 28 U.S.C. §1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed

---

until the statutory filing fee is paid in full. 28 U.S.C. §1915(b)(2).

without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). In forma pauperis complaints may be dismissed sua sponte and without notice under §1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief. 28 U.S.C. §1915A.

Even construing his pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), Genovezos's action is subject to dismissal for the reasons stated below.

    IV.    Plaintiff's Complaint is Subject to Dismissal

        A. Section 1997e Authorizes the Court to Dismiss
        An Action Without Requiring Exhaustion of Remedies

Section 1997e(a) provides that no action shall be brought with respect to "prison conditions" under §1983 by a prisoner "until such administrative remedies as available are exhausted." 42 U.S.C. §1997e(a). Prison conditions, for purposes of §1997e(a), have been broadly interpreted to include "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, plaintiff's claims about his lack of proper medical treatment, and his claims about lack of access to the law library and

the courts involve "prison conditions" and are subject to the exhaustion of remedies requirement. See id.; accord Menina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 34 (1st Cir. 2002).

The fact that plaintiff seeks injunctive relief is insufficient to overcome the exhaustion requirement. See Booth v. Churner, 532 U.S. 731, 740 (2001) (a prisoner must exhaust all available administrative processes regardless of the relief offered through those procedures); accord Menina-Claudio, 292 F.3d 31, 35 (1st Cir. 2002)(no futility exception to the exhaustion requirement); cf. Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002) (citation omitted) (although the exhaustion requirement is not jurisdictional, it is mandatory). The failure to exhaust stands as an adequate grounds to dismiss this action.

However, because a Court is also free to dismiss claims for failure to state a claim under §1997e(c)(2), without first requiring exhaustion of administrative remedies, the plaintiff is advised that his claims are subject to dismissal and is directed to demonstrate good cause why they should not be dismissed on the merits. See 42 U.S.C. §1997e(c)(2).

### B. Access to Legal Materials and Law Library

Plaintiff's contention that the availability on one computer available for legal research amongst numerous inmates virtually denies all inmates access to the law library and legal materials fails to state a claim, because he has failed to allege any "actual injury." In Lewis v. Casey, 518 U.S. 343 (1996), the Supreme Court held that in order to establish a violation of the "right of access" to the courts, a plaintiff must allege "actual injury." See id. at 349. "Actual injury," derives from the doctrine of standing and requires a prisoner to demonstrate that any alleged shortcomings in a legal library or assistance program

7

hindered his efforts to pursue a legal claim involving direct or collateral attacks on sentences or challenges to conditions of confinement.[3]  Id. at 349, 354-355.  Any impairment of any other litigating capacity is an "incidental (and perfectly constitutional) consequence[] of conviction and incarceration." Id. at 355.

Here, there is no factual assertion that Genovezos or any prisoner has suffered an actual injury as a result of the alleged limited library access.  Thus Genovezos has failed to state a cognizable claim. Graham v. Perez, 121 F. Supp.2d 317, 323-324 (S.D.N.Y. 2000) (dismissing plaintiff's claims about denial of access to typewriters while in special housing unit for failure to allege injury); accord Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986) (prisoner did not allege any specific harm resulting from temporary restrictions).  See also Cody v. Weber, 256 F.3d 764, 770 (8th Cir. 2001) (affirming summary judgment dismissing "right of access" claim where plaintiff made vague allegation of actual injury); Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (affirming summary judgment where plaintiff's claim did not involve a direct or collateral attack or civil rights case).

    C.   Non-legal materials

To the extent Genovezos's claims of denial of access to the law library constitute denial of access to the courts, the claim is subject to dismissal, for failure to demonstrate any "actual injury" as described above.  See Lewis v. Casey, 518 U.S. at 360.  Similarly, to the extent he claims the denial of access to non-legal materials such as free postage and free photocopies, such claims are not

---

[3] The Lewis court listed as examples of "actual injury" an allegation that a complaint was dismissed for failure to satisfy a technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known or an allegation that a prisoner was unable to bring an action to court due to the inadequacies in the law library.  Id. at 351.

8

cognizable. Although inmates are not stripped of their constitutional rights simply by virtue of their imprisonment, Wolff v. McDonnell, 418 U.S. 539, 555-56 (1974), they retain only those rights consistent with legitimate penological objectives and reasonable limitations on a prisoner's constitutional rights are permitted. See, e g., Pell v. Procunier, 417 U.S. 817, 822 (1974), Turner v. Safely, 482 U.S. 78, 88 (1987). Jones v. Franzen, 697 F.2d 801, 803 (7th Cir. 1983) ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox."); Harrell v. Keohane, 621 F.2d 1059, 1060 (10th Cir. 1980) (prisoner's right of access to court does not include the right of free unlimited access to a photocopying machine); Brinson v. McKeeman, 992 F. Supp. 897, 910 (W.D. Tex. 1997) (stating that "it is well-established in this Circuit that access to typewriters and copy machines are not an essential part of the right to access to the courts.").

### D. Lack of proper medical treatment

To the extent Genovezos claims he knows other prisoners who have not received proper medical care, those claims involve mere allegations, without any factual support whatsoever, and are subject to dismissal, for failure to comply with Fed. R. Civ. P. 8(a).

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to include in his complaint, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard sets forth a relatively low pleading threshold, and generally, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations contained in the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Here, because no factual support is provided in the complaint with respect to medical treatment of other inmates, plaintiff's complaint fails to meet even this low threshold.

Similarly, to the extent plaintiff raises Eighth Amendment claims lack of proper medical treatment for himself, his claims are likewise subject to dismissal.

The Eighth Amendment prohibits infliction of cruel and unusual punishment. In the prison context, when an inmate alleges that prison officials violated his Eighth Amendment rights, the inmate "must prove that the defendants' actions amounted to "deliberate indifference to a serious medical need."" DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976); See also Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference has been defined as "conduct that offends evolving standards of decency in a civilized society." DesRosiers, 949 F.2d at 18, citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981), Estelle, 429 U.S. at 102-03. In evaluating whether a deprivation constitutes "deliberate indifference," courts have looked to both objective and subjective components. See, Id. Objectively, there needs to be a "serious" deprivation. Subjectively, the deprivation must have been "brought about in wanton disregard of the inmate's rights." Id. citing Wilson v. Seiter, 501 U.S. 294 (1991). In evaluating the quality of medical care in prison, practical constraints facing prison officials must be considered. DesRosiers, 949 F.2d at 19. "...[I]nadvertent failures to provide medical care, even if negligent, do not sink to the level of deliberate indifference." Id. citing Whitley v. Albers, 475 U.S. 312, 319 (1986) (other citations omitted).

In this case, Genovezos has not sufficiently alleged a "serious medical need." A "serious" medical need is one which involves a substantial risk of serious harm if it is not adequately treated. Kosilek v. Maloney, 221 F. Supp. 2d 156, 160 (D. Mass. 2002). Typically, it is a need that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d

203, 208 (1st Cir. 1990). Although Genovezos claims he sought medical treatment for leg and back injuries which he received four days before his placement in the prison, as a result of being struck by a motor vehicle while riding his bicycle, however, he provides almost no specific allegations regarding the nature or extent of the alleged injury, his current medical condition or the nature or extent of the medical treatment he has already received or treatment which has been denied to him. Plaintiff's vague allegations regarding an unspecified injury are not sufficient, standing alone, to establish a "serious medical need."

Moreover, plaintiff has failed to allege sufficient facts from which "deliberate indifference" on the part of the defendants can be inferred. A showing of deliberate indifference requires more than mere inadvertent, negligent, or even grossly negligent failure to provide medical care. See Farmer v. Brennan, 511 U.S. 825 (1994). Such failures do not rise to the level of an Eighth Amendment violation. Estelle v. Gamble, 429 U.S. at 105. An inmate is not entitled to the care of his choice. Courts must defer to the decisions of prison officials concerning what form of adequate care to provide an inmate but must still determine if the care being provided is minimally adequate. See Kosilek, 221 F. Supp. 2d at 160-161.

Here, Genovezos claims to have filed numerous medical slips complaining of his injuries, but, again, fails to provide any specific information as to whom the request was made, and what, if any, medical treatment he received or was denied, or what, if any, other response he received from the defendants to his requests. Additionally, he fails to state whether he has exhausted administrative remedies in this regard. Thus, he has failed to demonstrate any facts and circumstances that show he was denied medical treatment with "deliberate indifference."

E.  Eleventh Amendment immunity

The Eleventh Amendment confers immunity from suit upon state officials when "the state is the real substantial party in interest," that is, when "the judgment sought would expend itself on the public treasury ..., or interfere with the public administration...." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101-102, n. 11 (1984) (citations omitted); accord Hafer v. Melo, 502 U.S. 21, 25 (1991) (same). Therefore, to the extent that plaintiff has named the defendants as "officials" of the Bristol County House of Correction, the Eleventh Amendment bars relief and those claims against defendants in their official capacities are subject to dismissal. Pennhurst, 465 U.S. at 101-102 (stating that "as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."); accord Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (although state officials are literally persons, a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office).

F.  No Vicarious Liability

Similarly, there is no vicarious liability under §1983. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no *respondeat superior* liability under §1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987). Therefore, since Plaintiff has not specified any personal involvement by the defendants in the alleged deprivation of rights, the claims are subject to dismissal.

V.  Motion for Appointment of Counsel.

Plaintiff has also filed a motion for appointment of counsel. Under 28 U.S.C. §1915(e)(1), the

Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. DesRosiers, 949 F.2d at 23 (1st Cir. 1991) (citations omitted).

In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. Id. In determining whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id. at 24 (citations omitted).

The motion for counsel will be denied in this case for two reasons. First, by failing to submit the certified statement of prison accounts required by §1915(a)(2), plaintiff has not yet provided sufficient information for the court to make a determination of indigency. Second, "exceptional circumstances" do not appear to exist in this case, primarily because large portions of this action appear ripe for dismissal, but also because of the relative lack of complexity of the legal issues involved. See id. Thus, plaintiff's request for appointment of counsel is denied.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Motion to Proceed *in forma pauperis* is denied without prejudice;

2. Plaintiff's motion to amend complaint at a later time is denied without prejudice;

3. Plaintiff's motion for appointment of counsel to litigate class action complaint is denied without prejudice; and

4. Plaintiff shall file, within forty-two (42) days, a completed Application to Proceed *in forma pauperis*, accompanied by his certified prison balance statement; failure to do so shall result in dismissal of this action;

5. Plaintiff shall demonstrate within forty-two (42) days, good cause why this action should not be dismissed; failure to do so shall result in dismissal of this action;

6. The Clerk is directed to send plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit.

7. Genovezos is deemed to be the sole plaintiff in this action at this time. If any purported class action plaintiff seeks to join as a co-Plaintiff in this action (and the filing fee shall be assessed proportionately), he shall file a separate Motion to Join Plaintiff Genovezos's complaint, along with a completed Application to Proceed Without Prepayment of Fees an Affidavit, accompanied by his prison account statement.

SO ORDERED.

Dated at Boston, Massachusetts, this 28th day of December, 2004.

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE